| | |
|---|---|
| Ethan Preston (263295)<br>ep@eplaw.us<br>PRESTON LAW OFFICES<br>4054 McKinney Avenue, Suite 310<br>Dallas, Texas 75204<br>Telephone: (972) 564-8340<br>Facsimile: (866) 509-1197 | Jacob U. Ginsburg, Esq. (*pro hac vice*)<br>Kimmel & Silverman, P.C.<br>30 East Butler Ave.<br>Ambler, PA 19002<br>Telephone: (267) 468-5374<br>jginsburg@creditlaw.com<br>teamkimmel@creditlaw.com |
| Attorneys for Plaintiff | Attorneys for Plaintiff |

Dan Lawton, SBN 127342
dlawton@klinedinstlaw.com
Mark M. Rawdin, SBN 350761
mrawdin@klinedinstlaw.com
Klinedinst PC
501 West Broadway
Suite 1100
San Diego, CA 92101
619.239.8181 (telephone)

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN AVERY, *individually and on behalf of all others similarly situated,*<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL EXCHANGE | No. 8:23-cv-02071-CJC-DFM<br><br>**Parties' Joint Report of 26(f) Conference and Proposed** |

| | |
|---|---|
| VACATION CLUB, *et al.*, | **Schedule of the Case** |
| Defendants. | Judge: Cormac J. Carney |
| | Complaint filed: November 3, 2023 |

Plaintiff Jonathan Avery ("plaintiff" or "Avery") and defendants Global Exchange Vacation Club, Global Exchange Development Corp., and Resort Vacations, Inc. (hereinafter "defendants"), jointly submit this report in accordance with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order dated January 5, 2024 (ECF 29).

1. **Report of the 26(f) Conference.**

Counsel for the parties met and conferred via Teams videoconference on January 31, 2024. Present for the parties were Ethan Preston and Jake Ginsburg for the plaintiff and Dan Lawton and Mark Rawdin for the defendants. The parties discussed the schedule of the case, their respective positions on settlement and ADR, issues relating to discovery and class certification, and other matters listed in Rule 26 and Local Rule 26-1.

//

## 2. Jurisdiction.

This case is filed under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

## 3. Summary of Claims and Defenses.

**Plaintiff:** Avery's complaint is based on the TCPA and related FCC regulations, 47 C.F.R. § 64.1200, *et seq*. He asserts all defendants operated as a joint enterprise and worked in concert and, at all times relevant, to promote purported timeshare investment opportunities. He asserts he registered his cell phone number on the National do-not-call registry in 2020 and that, between July 2021 and July 2022, defendants placed at least ten unconsented-to telemarketing calls to his cell phone, which he asserts he used for residential purposes. Avery asserts he issued clear direction to cease and desist telemarketing communications,

that he demanded defendants' internal do-not-call policies, and that defendants placed additional telemarketing calls to him and declined to provide him with a copy of their internal do-not-call policies. Accordingly, Avery seeks to certify classes of similarly situated persons, who received two or more telemarketing calls despite registration on the national do-not-call registry, and who received calls after issuing a clear do-not-call instruction.

**Defendant**: Defendants have denied most of Avery's allegations. They assert several affirmative defenses, including waiver, estoppel, and intervening acts of others. Defendants also reserve the right to assert additional defenses upon further information. Defendants seek dismissal of the complaint with prejudice, attorneys' fees and costs, and other appropriate relief. Defendants also intend on seeking summary judgment.

**4. Complex Cases.**

Avery believes the Manual for Complex Litigation may be utilized, as this is a putative class action. Defendants take no position on that and do not necessarily believe using the Manual should be necessary.

**5. Status of Service of Process on Parties not yet Served.**

All named parties have been served.

**6. Possible Joinder of Additional Parties and Amendment of Pleadings.**

Plaintiff may seek to amend and/or add additional parties should discovery render such step(s) appropriate.

**7. Anticipated and Outstanding Discovery.**

**Plaintiff**: Plaintiff intends to propound written discovery, including interrogatories, production requests and requests for admission.  plaintiff also anticipates taking the deposition of defendants 30(b)(6) representative(s) and fact witness(es) identified by defendants. Plaintiff seeks discovery related to defendants' call records, telemarketing policies, contracts with vendors, internal and national do-not-call policies and discovery related to the size and scope of the putative classes and identities of potential class members.  plaintiff is also likely to issue subpoenas to third-parties seeking documents and testimony on the topics relevant to prove his claims, refute defendants' defenses, identify the size, scope of the classes and identify class members.

**Defendants**: Defendants intend to seek written discovery, including document production requests and requests for admissions. Defendants also will seek the deposition of Avery by June 2024 and have notified Avery's counsel of their intent to do so. Defendants will also seek third party discovery.

All counsel agree they should produce documents in native format so as to allow visibility of metadata to the receiving party.

## 8. Proposed Discovery Plan and Schedule of the Case.

Plaintiff proposes to set class certification eighteen (18) months from the date of the Court's case management order, which would render the class certification deadline to be September 8, 2025.

Deadline to issue Rule 26(a) Disclosures – March 15, 2024

Deadline to file motion for class certification: September 8, 2025

Hearing on class certification motion: _____, 2025

Summary judgment/dispositive motion cutoff: November 29, 2025

Discovery cutoff: November 29, 2025

Motions *in Limine*: January 16, 2026

Memoranda of Contentions of Fact and Law: January 23, 2026

Joint Statement of the Case, Jury Instructions, Verdict Forms, and Exhibit List: <u>January 30, 2026</u>

Final Pretrial Conference: <u>February 2026</u>

Trial – <u>March 2026</u>

## 9. Proposed Motions and Dispositive Motion Cut-Off Date.

Defendants will seek summary judgment.

All counsel think a suitable dispositive motion cut-off date is November 29, 2025.

## 10. Trial and Pretrial.

The parties estimate trial to take two to ten days. The scope of trial and the class(es) certified by the Court will control the time needed for trial. Plaintiff estimates that a trial on a certified class seeking statutory damages would not take more than 12 court days. In *Krakauer v. Dish Network, LLC*, No. 14-00333 (M.D.N.C.), trial on a certified TCPA class started on January 10, 2017 and the jury returned a verdict nine (9) days later.

## 11. Appropriateness of Special Procedures.

No special procedures appear necessary at this juncture.

## 12. Related Proceedings or Cases.

Counsel are not aware of any related other case or proceeding.

## 13. Prospects of Settlement and ADR.

The parties will engage in good-faith settlement discussions and will participate in private mediation once. Avery's counsel believes ADR should await determination of the size and scope of the putative classes. Defendants believe ADR could and should commence sooner than that. All counsel agree ADR Procedure No. 3, listed in Local Rule 16-15.4, is best suited to the circumstances of the case.

## 14. Timing of Expert Witness Disclosures.

Counsel would propose disclosing expert witness information under Rule 26(a)(2) no later than ninety (90) days before the date set for trial.

## 15. Unusual Legal Issues.

No such issues can be identified at this time. Should such issue become apparent, the parties will bring it to the Court's attention.

## 16. Other Matters.

There are no other issues at this time.

| | | |
|---|---|---|
| Dated: February 5, 2024 | | Ethan Preston (263295) |
| | | ep@eplaw.us |
| | | PRESTON LAW OFFICES |
| | | 4054 McKinney Avenue, Suite 310 |
| | | Dallas, Texas 75204 |
| | | Telephone: (972) 564-8340 |
| | | Facsimile: (866) 509-1197 |

Jacob U. Ginsburg, Esq. (*pro hac vice*)
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Telephone: (267) 468-5374
jginsburg@creditlaw.com
teamkimmel@creditlaw.com
Attorneys for Plaintiff

Dated: February 5, 2024     Respectfully submitted,


KLINEDINST PC


By:  s/Dan Lawton
       Dan Lawton
       Mark M. Rawdin
       Attorneys for Defendants