Ethan Preston (263295)
ep@eplaw.us
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204

Jacob U. Ginsburg, Esq. (*pro hac vice*)
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Telephone: (267) 468-5374
jginsburg@creditlaw.com
teamkimmel@creditlaw.com
Attorneys for Plaintiff

Dan Lawton, SBN 127342
dlawton@klinedinstlaw.com
Mark M. Rawdin, SBN 350761
mrawdin@klinedinstlaw.com
Klinedinst PC
501 West Broadway, Suite 1100
San Diego, CA  92101
619.239.8181 (telephone)
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN AVERY, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL EXCHANGE VACATION CLUB, *et al.*,<br><br>Defendants. | Case No. 8:23-cv-02071-JFW-DFM<br><br>**Parties' Joint Report of 26(f) Conference and Proposed Amended Schedule of the Case**[1]<br><br>District Judge: John F. Walter<br><br>Complaint filed: November 3, 2023<br>Transferred: June 3, 2024<br>Scheduling Conference: June 15, 2024 |

---

[1] The original schedule was entered by Judge Cormac J. Carney before the transfer. (ECF No. 33).

- 1 -
AMENDED RULE 26(f) REPORT

No. 8:23-cv-02071

Plaintiff Jonathan Avery ("Plaintiff" or "Avery") and Defendants Global Exchange Vacation Club, Global Exchange Development Corp., and Resort Vacations, Inc. (hereinafter "Defendants" and jointly with Plaintiff "the Parties"), jointly submit this report in accordance with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order dated June 11, 2024 (ECF No. 39).

### Summary of Rule 26(f) Conferences and Prior Scheduling Order

While the case was pending before Judge Carney, the Parties held their 26(f) Conference via Teams videoconference on January 31, 2024 and filed their report on February 5, 2024. ECF No. 32. The Court issued a scheduling order on March 7, 2024, which listed the case for trial on March 17, 2026 and imposed a class certification deadline on Plaintiff on June 9, 2025. ECF No. 33. The case was transferred June 3, 2024, and this Court issued an Order requiring the Parties to submit a new proposed schedule and 26(f) Report. ECF No. 39.

For their renewed 26(f) Conference, counsel for the parties met and conferred via Teams videoconference on July 3, 2024.  Present for the parties were Jake Ginsburg for the plaintiff and Dan Lawton and Mark Rawdin for the defendants. The parties discussed the schedule of the case, their respective positions on settlement and ADR, issues relating to discovery and class certification, and other matters listed in Rule 26 and Local Rule    26-1.

1. **Status of Service on Parties and Subject Matter Jurisdiction.**

All Defendants served. This class-action lawsuit was filed under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

2. **Chronology of Facts, Statement of Principal Factual Issues.**

**Plaintiff:** Avery's complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. and 47 C.F.R. § 64.1200, *et seq*. Avery asserts all defendants operated as a joint enterprise and worked in concert and, at all times relevant, to promote purported timeshare investment opportunities. Avery registered his cell phone number on the National do-not-call registry in 2020 and that, between July 2021 and July 2022, defendants placed unconsented-to telemarketing calls to his cell phone, which he used for residential purposes. Avery issued clear direction to cease and desist telemarketing communications, that he demanded defendants' internal do-not-call policies, and that defendants placed additional telemarketing calls to him and declined to provide him with a copy of their internal do-not-call

policies. Accordingly, Avery seeks to certify classes of similarly situated persons, who received two or more telemarketing calls despite registration on the national do-not-call registry, and who received calls after issuing a clear do-not-call instruction.

**Defendants**: Plaintiff Jonathan Avery contacted defendants on October 8, 2021, via email, complaining of having been called at (214) 673-9006, and demanded $1,500. An internal investigation showed the number could not be found in defendants' lead database. GEVC contacted Mr. Avery on October 15, 2021, told him the company had no record of making a call to the number that Mr. Avery had given, and asked for more information. On the same day, the call was determined to have come from a vendor, HRI. Afterward, Mr. Avery sent an email to GEVC saying that the call had been made on July 1, 2021, and that he had inadvertently put the wrong number in his prior emailed demand (the number called was actually 469.556.3933, not 214.673.9006). He said that the call had come from the number 469.525.5663. A second internal investigation revealed the number in GEVC's SPI database, and that HRI had booked Mr. Avery into attending a sales presentation put on by Lifestyle Resorts (not GEVC) on July 3, 2021. Later, Mr. Avery complained of more calls, from numbers 469.551.5483, 469.531.1379, and 469.525.5663, and demanded $3,900.00. Further investigation revealed that these numbers did not belong to any of the defendants or any of their vendors. Defendants emailed Mr. Avery, telling him defendants make every effort to comply with State and

federal DNC laws, that the numbers couldn't be found in the companies' databases, and that Mr. Avery's number had now been added to the companies' DNC database.

Factual issues in dispute include the number of calls Mr. Avery actually received from any defendant or any of its vendors, which vendor(s) made those calls, whether Mr. Avery consented to any of the calls he claims to have received.

**3.   Summary of Disputed Points of Law.**

Whether the July 1, 2021, call was a good faith error made despite having implemented policies and procedures to comply with the do-not-call rules; whether the fact the Defendants construed Mr. Avery to have acquiesced to calls precludes liability and/or makes him unsuitable as a class representative;  and whether vicarious liability can be imputed on Defendants in the event calls were made by third-party vendor(s).

**4.   Prior, Pending and Anticipated Motions.**

There are no motions pending before the court.

Defendants anticipate seeking summary judgment.

Plaintiff intends to move for class certification.  The prior schedule including a deadline for class certification of June 9, 2025.  (ECF No. 33). The Parties agree this Court's *de facto* class certification deadline of 120 days after transfer, October 1, 2024, will be impracticable in this instance. Defendants have provided records of calls made to Mr. Avery but not yet provided records of calls made to class members.

While Defendants are working diligently on providing those records, it is a time-consuming process. Further, many of the relevant records of calls made to putative class members, are in the possession of third-parties. While Plaintiff has issued eight (8) subpoenas, it is highly unlikely responses will be served by all (or even most) in ample time to provide those records to an expert and complete class certification briefing by the deadline.

Plaintiff understands this Court requires that class certification be filed early in the course of litigation. Rule 23(c)(1)(A) requires class certification be filed "at an early practicable time." Being mindful of the Court's Standing Order and the dictates of Rule 23, and also considering the degree of records required in this case and the prior schedule in place, the Parties propose a 90-day extension of the Court's *de facto* class certification deadline until **December 30, 2024.** The proposed deadline is still five months earlier than the deadline in the prior schedule.

5. **Joinder or Dismissal of Additional Parties, and Amendment of Pleadings.**

Plaintiff may yet seek to amend its pleadings, add additional parties, or add additional claims, should discovery render such step(s) appropriate. At this juncture, it is not clear to Plaintiff the degree of involvement of Defendants' third-party vendors. Plaintiff is waiting on additional information in this regard from the Defendants and from those third-parties. If discovery demonstrates the prudence of

adding additional defendants, Plaintiff will promptly move to amend.

**6.    Rule 26(a) Disclosures.**

The Parties have exchanged initial disclosures required under Fed. R. Civ. P. 26(a).

**7.    Anticipated and Outstanding Discovery.**

**Plaintiff**: Plaintiff has issued interrogatories and two sets of requests for production on Defendants. While Defendants have served written responses and a partial document production, there is still critical information and documents for which Plaintiff is waiting.  Most critically, Plaintiff has not yet received call records reflecting calls made to putative class members.

In recent days, Plaintiff has also issued subpoenas to eight (8) third-party marketing vendors who may have made calls to putative class members on Defendants' behalf.  Plaintiff has not yet received responsive documents from any of them. While the subpoenas list a response date of August 1, 2024, from experience, it is highly unlikely all or even most provide responsive documents by that date.  Generally, such documents can take months to compile and enforcement actions/motions take time to be adjudicated.

After Plaintiff receives supplemental document production from Defendants, he intends to take 30(b)(6) deposition(s). It is likely, Plaintiff will also depose third-parties who have knowledge about the    call campaigns at issue.

**Defendants**:

Defendants have sought the deposition of Mr. Avery through informal communications and not yet succeeded in scheduling it. They will be seeking that deposition as soon as possible and pursuing written discovery aimed at class certification issues during the third and fourth quarters of 2024.

**8. Related Cases or Other Proceedings.**

*Pinn v. Global Exchange Vacation Club, et al.*, no. 8:22-cv-01943-CJC-KES.

**9. Damages and Relief Sought.**

Plaintiff seeks damages for himself and others similarly situated of $500 per unlawful call which can be trebled to $1500 per unlawful call in the event of willfulness. Plaintiff also intends to seek certification of the classes identified in the complaint and injunctive relief to prevent similar unlawful telemarketing calls.

**10. LR Certification as to Interested Parties or Persons.**

Plaintiff filed a certificate of interested parties on November 7, 2023. (ECF No. 10). Defendants filed a certificate of interested parties on January 12, 2024. (ECF No. 31).

////////////

**11. Proposed Discovery Plan and Schedule of the Case.**

Deadline to file motion for class certification: December 30, 2024[2]

Hearing on class certification motion: _____, 2025

Discovery cutoff: May 30, 2025

Summary judgment/dispositive motion cutoff: June 13, 2025

Motions *in Limine*: September 19, 2025

Memoranda of Contentions of Fact and Law: September 19, 2025

Joint Statement of the Case, Jury Instructions, Verdict Forms, and Exhibit List: September 19, 2025

Final Pretrial Conference: October ____, 2025

Trial – November_____, 2025

**12. Jury Trial Estimations.**

Case will be tried before a jury. The parties estimate trial to take two to ten days. The scope of trial and the class(es) certified by the Court will control the time needed for trial. Plaintiff estimates that a trial on a certified class seeking statutory damages would not take more than 10 court days. In *Krakauer v. Dish Network, LLC*, No.

---

[2] This is a 90-day extension from the Court's *de facto* deadline set forth in the Court's Standing Order at § (5)(i), but five months earlier than the deadline previously issued in this case. *See* ECF No. 33. Where this case involves substantial records in the possession of both Defendants and third-parties, the *de facto* deadline appears impracticable.

14-00333 (M.D.N.C.), trial on a certified TCPA class started on January 10, 2017 and the jury returned a verdict nine (9) days later.

**13.  Prospects of Settlement and ADR.**

The parties will engage in good-faith settlement discussions and will participate in private mediation once.  Avery's counsel believes ADR should await determination of the size and scope of the putative classes.  Defendants believe ADR could and should commence sooner than that.  All counsel agree ADR Procedure No. 3, listed in Local Rule 16-15.4, is best suited to the circumstances of the case.

**14.  Complex Cases and the Manual for Complex Litigation.**

While this is a class-action, the procedures from the Manual need not be utilized.

**15.  Proposed Motions and Dispositive Motion Cut-Off Date.**

Plaintiff intends to file a motion for class certification, which has been discussed above.

The Parties propose a dispositive motion deadline of June 13, 2025.

**16.  Unusual Legal Issues.**

No such issues can be identified at this time.  Should such issues become apparent, the parties will bring it to the    Court's attention.

17. **Proposals regarding severance, bifurcation or other ordering of proof.**

    None.

Dated: July 5, 2024

          */s/ Jacob U. Ginsburg*
          Jacob U. Ginsburg, Esq. (*pro hac vice*)
          Kimmel & Silverman, P.C.
          30 East Butler Ave.
          Ambler, PA 19002
          Telephone: (267) 468-5374
          jginsburg@creditlaw.com
          teamkimmel@creditlaw.com
          Attorneys for Plaintiff

          Ethan Preston (263295)
          ep@eplaw.us
          PRESTON LAW OFFICES
          4054 McKinney Avenue, Suite 310
          Dallas, Texas 75204
          Telephone: (972) 564-8340
          Facsimile: (866) 509-1197

          KLINEDINST PC

          By*:  /s/Dan Lawton*
          Dan Lawton
          Mark M. Rawdin
          Attorneys for Defendants

25307486.1